# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JESSIE B. DIAZ,

          Plaintiff,

v.

OKLAHOA BUREAU OF NARCOTICS AND
DANGEROUS DRUGS CONTROL,

          Defendants.

Case No: CIV-14-964-F

## PARTIAL MOTION TO DISMISS
## AND BRIEF IN SUPPORT

Comes now the Defendant, Oklahoma Bureau of Narcotics and Dangerous Drugs Control, (hereafter "Defendant," or, "OBN"), and hereby moves to dismiss in part some of the federal claims of Jessie B. Diaz (hereafter "Plaintiff") pursuant to FRCP 12(b)(6) for failure to state a claim and for lack of subject matter jurisdiction pursuant to the Eleventh Amendment of the United States Constitution. In support of hereof, the Defendant respectfully shows the Court as follows:

1. Plaintiff alleges, among other things, that he has been discriminated against by the Defendant. He pursues these various claims, at least in part, via 42 USC §1983 and 42 USC § 1981;

2. This suit against the Defendant, an entity, or agency of the State of Oklahoma, is nothing more than a suit against the State. However the State is immune from suits in federal court brought pursuant to §1983 and § 1981;

3. The State of Oklahoma preserved all defenses to actions for discrimination based upon any protected class when it enacted the Oklahoma Discrimination in Employment Act, at Title 25 Oklahoma Statutes §1101, *et seq*.

4. The State of Oklahoma is entitled to sovereign immunity from liability pursuant to the Eleventh Amendment of the United States Constitution.

## BRIEF IN SUPPORT
### STANDARD OF REVIEW

The Tenth Circuit has said that "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face." *Robbins v. State of Oklahoma,* 519 F.3d 1242(10th Cir. 2008) citing *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 558(2007) To determine what facts are sufficient to amount to "plausibility" the Circuit provided that "…if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff's 'have not nudged their claims across the line from viable to plausible." *Robbins at 1247*.

Defendant moves for dismissal because the Plaintiff's allegations rise to nothing more than mere speculation and are brought pursuant to federal claims for which the Defendant has Eleventh Amendment Immunity.

## PROPOSITION I

### DEFENDANT IS IMMUNE FROM SOME OF PLAINTIFF'S FEDERAL CLAIMS

Plaintiff's Complaint against Defendant, an agency of the State of Oklahoma,

alleges ambiguous violations of civil rights because of discrimination. Therefore, the suit against Defendant is treated as a suit against the State of Oklahoma. *Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

It is well settled that Oklahoma has not waived its sovereign immunity. Title 51 Oklahoma Statutes §152.2(B). See also *Grizzle v. Oklahoma Dep't of Veterans Affairs,* CIV-06-210-SPS, 2006 WL 3227880 (E.D. Okla. Nov. 2, 2006). In *Kimel v. Florida Board of Regents,* 528 U.S. 62 (2000), the United States Supreme Court held that the Age Discrimination in Employment Act did not abrogate a state's sovereign immunity from suit by a private individual. As such, Defendant, OBN, is immune from Plaintiffs' federal employment claims and they must accordingly be dismissed. See *Lee v. Oklahoma,* CIV-13-1254-HE, 2014 WL 3689691 (W.D. Okla. July 23, 2014).

It is remarkably well settled that neither the State, its agencies, nor its officers in their official capacity can be sued in federal court pursuant to 42 USC §1983 or §1981, by virtue of the Eleventh Amendment. *Seminole Tribe v. Florida*, 517 U.S. 44 (1996); and *Will v. Michigan Dept. of State Police*, 491 U.S. 58 and *Whitney v. State of New Mexico*, 113 F.3d 1170 (10th Cir.1997). (See also: *Thames v. Okla. Historical Society*, 646 F.Supp 13, (W.D. Okla. 1985, addressing specifically addressing §1981 claims) That is because neither the State nor its agencies in their official capacity are considered persons. Accordingly, Plaintiff's federal claims, with the exception of the Title VII claim, against Defendant must be dismissed. *Id.*

Similarly, the State of Oklahoma did not unequivocally waive sovereign immunity

or any other defenses available to the State when it enacted the Oklahoma Discrimination in Employment Act (hereafter "ODEA"). In fact, the ODEA specifically reserves all defenses, much like the State of Oklahoma did in enacting the Oklahoma Governmental Torts Claim Act (hereafter "GTCA"), Title 51 Oklahoma Statutes §152.1. At Title 25 Oklahoma Statutes §1350(F), the GTCA provides that ...[t]he defending party may allege any defense that is available under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Pregnancy Discrimination Act, the Rehabilitation Act, the Americans with Disabilities Act, of the Genetic Information Nondiscrimination Act..." (emphasis added).

## PROPOSITION II

### PLAINTIFF FAILED TO COMPLY WITH THE NOTICE OF REQUIREMENTS OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT (GTCA) AND ANY STATE NEGLIGENCE CLAIMS MUST ACCORDINGLY BE DISMISSED

Although Plaintiff does not seem to allege a violation of the GTCA, and in fact does not plead compliance with the Act, the Defendant wishes to address any part of the complaint that Plaintiff might attempt to construe as a claim subject to that Act. Compliance with the GTCA is a prerequisite to the state's consent to be sued in tort and to the exercise of judicial power to remedy alleged tortious wrongs by a state governmental entity. *Shanbour v. Hollingworth,* 1996 OK 67, 918 P.2d 73. A plaintiff suing a governmental entity may not invoke the court's power to adjudicate a claim without complying with the statutory requirements regarding pre-suit notice of such claims. *State v. Dixon*, 1996 OK 15, 912 P.2d 842, 844.

The GTCA specifically requires that notice of a tort claim be presented to the State of Oklahoma within one (1) year of the date the loss that is the subject of the claim occurs. Title 51 Oklahoma Statutes §156. Once that claim is submitted, the State of Oklahoma has 90-days to review said claim and either approve or deny the requested relief. If the claim is not responded to within 90-days, it is deemed denied. Title 51 Oklahoma Statutes §157. Only *after* a claim is either expressly or impliedly denied, a plaintiff may, within 180-days after said denial - commence a tort action in a court of law requesting relief. *Id.*

Plaintiff did not file a tort claim. The Oklahoma Supreme Court, in *Hathaway v. State ex rel. Med. Research & Technical Auth.*, 2002 OK 53, 49 P.3d 740, provided a succinct analysis of the jurisdictional prohibition on commencement of a civil action before completion of the administrative tort claim review process. The Court specifically stated that:

> [T]he GTCA prohibits a claimant from initiating a tort action until the 90-day period expires unless the governmental entity acts upon the claim in a manner that denies the claim before the 90-day period expires. The first sentence in Title 51 Oklahoma Statutes 2001, §157(A) reads: "**A person may not initiate suit against the state or a political subdivision unless the claim has been denied in whole or in part.**" This prohibition serves the interest of the governmental entity by allowing it a specific period to consider and act upon the claim before the expense of a suit is imposed upon it. **If a claimant presents a timely claim but commences an action before the 90 day period for determining the claim has expired, the action is premature**.

*Id.* at 742-43 (emphasis added).

In *Hathaway*, the Court was specifically addressing the scenario that is presently before this Court – the impropriety of filing a lawsuit before a tort claim. The Oklahoma

Supreme Court concluded that under such circumstances, the tort claims are not properly before a court – even if the administrative tort claim review is completed while the action is pending. *Id.* Specifically, a prematurely filed petition will not "ripen" even if the tort claim review is completed while the court action is pending. *Id.* at 743-744. The Court reasoned that allowing a prematurely filed tort action to proceed would "encourage premature governmental tort claims actions and completely frustrate the intent of the 90-day waiting period. Accordingly, a governmental tort claims action filed before or within the 90-day period provided in Title 51 Oklahoma Statutes §157(A) is subject to dismissal both before and after the 90-day period expires." *Id.* at 744.

The Oklahoma Supreme Court has clearly recognized that "[i]n enacting the GTCA, it is clear that the Legislature intended not only to make the political subdivisions aware of an impending claim, but also provide the political subdivision with an opportunity to promptly investigate, assess any fiscal liability, and explore settlement options ***prior to*** a plaintiff commencing a lawsuit." *McWilliams v. Bd. of Cnty. Comm'rs of Comanche*, 2011 OK 103, 268 P.3d 79, 85 (emphasis added). As it does not appear that Plaintiff ever filed a tort claim, much less plead compliance with the Act, any claim made pursuant to a State tort law must be dismissed.

## PROPOSITION III

### INJUNCTIVE RELIEF CLAIM

Plaintiff also seeks injunctive relief alleging vague statements of harm from supposed harassment or discrimination. However, Plaintiff fails to provide a single specific

factually allegation to support this specious claim. He further fails to identify in any specific manner how he will be harmed.

He must show irreparable harm of an alleged injury as "…certain, great, actual and not theoretical… [and] likely…that the injury will be redressed by a favorable decision…" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130(1992) Plaintiff must demonstrate the following four items: "… (1) [he] is likely to succeed on the merits; (2)…will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury opposing party will suffer under the injunction; (4) and the injunction would not be adverse to the public interest…" *Sierra Club v. Bostick*, 539 Fed. Appx. 885, 2013 WL 5539633, # 2(10th Cir. 2013).   Further, the "…showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements….will be considered…" *Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff has not even articulated a single instance which would substantiate a claim of irreparable harm.  In fact, although this case has been on file for months with Plaintiff waiting until the last month of the 120-day service of process requirement under the federal rules to effect service on Defendant, he has done nothing to pursue an injunction.  It should be obvious that he has no facts to substantiate his claim for injunction relief and that this claim is yet one more implausible consideration by Plaintiff subject to dismissal. *Robbins, Id.*, at 1247.

**WHEREFORE**, Defendant respectfully requests that the federal claims of the complaint, with the exception of the Title VII claim, against it be dismissed.

Respectfully submitted,

/s/Richard N. Mann
**RICHARD N. MANN, OBA#11040**
Assistant Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-2921
Facsimile: (405) 521-4518
Email: richard.mann@oag.ok.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March 2015 I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Aletia H. Timmons
527 N.W. 23rd Street, Suite 200
Oklahoma City, OK 73103
*Attorney for Plaintiff*

Woodrow K. Glass
Ward & Glass LLP
1821 E. Imhoff Rd
Norman, OK 73071
*Attorneys for Plaintiff*

/s/Richard N. Mann
Richard N. Mann